## CIRCUIT COURT OF WASHINGTON COUNTY

Kenneth O. Denton

v.

William E. McIntyre,
Margaret C. McIntyre,
Isabel M. Gawryla, and
Industrial Development Authority
of Washington County

October 5, 1987

Case No. (Law) 3691

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter, including exhibits, and have considered memoranda filed by counsel and arguments of counsel made herein on April 15, 1987. In consideration of all of which the court finds as follows.

The plaintiff apparently entered into a contract with the defendants, McIntyre and Gawryla, for the lease of certain property containing some 128 acres. The property was to be used by the plaintiff for grazing and for crops. The contract was apparently made before the events complained of in the motion for judgment.

Subsequent to this lease agreement, and apparently sometime in 1985, the defendant, Industrial Development Authority of Washington County (I.D.A.), sought to purchase certain acreage out of the leased premises for industrial development. In order to accommodate this purchase, which consisted of some forty acres out of the 128, an agreement was executed on August 10, 1985, between plaintiff and defendants, McIntyre and Gawryla, which effectively voided the lease agreement between them. In return for giving

up the lease, plaintiff was allowed the use of the pasture land out of the 128 acres for a term of eight years.

Another agreement, dated August 9, 1985, between plaintiff and defendant, I.D.A., allowed plaintiff the right to continue to plant and cultivate crops, on the 40 acre tract being sold to I.D.A., for a term of eight years. I.D.A. reserved the right to exclude any of this acreage which it might elect to sell "or otherwise needed for its purposes."

The plaintiff has filed a motion for judgment against all defendants. The motion for judgment (as amended) contains several counts alleging violations of each agreement by all defendants, jointly or separately, and sounds in contract and in tort. The defendants have demurred to the amended motion for judgment claiming, among other things, a misjoinder of defendants and causes of action.

Specifically, the amended motion for judgment contains four counts alleging as follows:

Count I: Contains a tort action against the defendant, I.D.A., for wrongful removal and destruction of a fence located on the leased premises.

Count II: Contains a breach of contract action against all defendants for removing the same fence in violation of the lease agreement (McIntyre Agreement) which leased the premises "as is."

Count III: (Will not be discussed as plaintiff has moved to nonsuit same along with any prayer for attorneys' fees.)

Count IV: Contains a tort action against all defendants for wrongful removal and destruction of a line fence between plaintiff's property and defendants' property.

As stated above, the plaintiff has moved to nonsuit Count III and his prayer for attorneys' fees. In addition, the plaintiff has conceded in his memorandum that Count I (the tort action) does not apply to the defendants, McIntyre and Gawryla, and that Count II (the contract action) does not apply to the defendant I.D.A.

Thus, the court is left with the following issues:

1. Should the demurrer to Count I as to the remaining defendant, I.D.A., be sustained:

(a) Because the fence in question was located on property belonging to I.D.A. and not leased to plaintiff?

(b) Because the reference in the lease agreement to "as is condition" pertains only to an exclusion of warranties?

(c) Because of misjoinder?

2. Should the demurrer to Count II as to the remaining defendants, McIntyre and Gawryla, be sustained:

(a) Because the I.D.A. agreement constitutes a novation of parties and obligations?

(b) Because of lack of consideration?

(c) Because plaintiff was a "mere non-exclusive licensee"?

(d) Because of misjoinder?

3. Should the demurrer to Count IV as to all defendants be sustained for essentially all reasons cited in 1 and 2 above?

The court is of the opinion that the allegations of the demurrer as set out in 1(a) and (b) above are not well founded and should be overruled. Those two issues involve a factual dispute that should be resolved by the trier of fact. This was at least partially conceded by the defendant, I.D.A., in its letter of May 18, 1987. The court is of the opinion that the term "as is condition" is ambiguous as used in the lease. It could be interpreted as excluding any warranties as to the property or as referring to the actual physical condition of and improvements to the land. Extrinsic evidence will be needed to interpret the intent of the parties.

The court is further of the opinion that the allegations of the demurrer as set out in 2(a), (b) and (c) above are not well founded and should be overruled. Even if a novation were effected by the agreement of August 10, 1985, such would not affect the rights and duties of the parties to the new agreement, and the same would be clearly enforceable between them if otherwise valid. The contract is not void for lack of consideration because the plaintiff clearly surrendered something of value to which he was otherwise entitled, and the defendants obviously could not otherwise have derived the benefit of the sale. The contention that the plaintiff is a "mere non-exclusive licensee" is without merit.

The real issue, then, is whether there is a misjoinder of parties and causes of action as to:

A. Count I alleging a tort action against the defendant I.D.A.;

B. Count II alleging a contract action against the defendants McIntyre and Gawryla; and

C. Count IV apparently alleging a tort action against all defendants.

> In Virginia, causes of action distinct from one another arising out of different transactions cannot be united in one suit. There must exist an identity of parties and interests. Thus distinct causes of action against several defendants cannot be joined in the same action, although in favor of the same plaintiff. (Michie's Jurisprudence, vol. 1A, *Actions*, sec. 23)

Defendants cite the case of *Norfolk Union Bus Terminal, Inc. v. Sheldon*, 188 Va. 288 (1948), as the leading case in Virginia on misjoinder. In that case the plaintiff sued the bus company and an employee for malicious prosecution for the action of the employee in taking warrants for him for operating a vehicle without a license and trespassing. The Supreme Court reversed the trial court's entry of judgment in favor of the plaintiff against the bus company on the basis of improper misjoinder. The Supreme Court said:

> It is elementary that under our system of pleading, unless the acts of independent tort-feasors concur in producing a single indivisible injury or damage, they may not be sued jointly in a single action. As to such independent acts, such tort-feasors must be sued separately. . .
>
> In actions by and against several parties, whether *ex contractu* or *ex delicto*, all causes of action must be stated to be joint . . . .
>
> When it developed under the lower court's ruling that the plaintiff's causes of action were not the same as to both defendants, and that they could not properly be sued jointly as to the two torts, the plaintiff should have been required to elect as to which cause of

action he would pursue. *Norfolk Bus Terminal v. Sheldon*, 188 Va. 288, 296-297 (1948).

This case involved a suit by one plaintiff against two defendants for two torts. One tort was committed by the defendant, Webb, in his capacity as employee of the bus company, and the other in his capacity as a public conservator of the peace. Both punitive and compensatory damages were involved. The Supreme Court was obviously concerned about the prejudicial effect on the bus company of trying the two together, the ability of the jury to "cut through" it all, and the difficulty of determining on what basis the verdict was rendered.

This case was tried before the adoption of code Sections 8.01-272 and 8.01-281. The former allows the joining of "a claim in tort with one in contract provided that all claims arise out of the same transaction or occurrence." The latter, which is cited and relied upon by the plaintiff, provides in Subsection A:

> A party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. Such claim, counterclaim, cross-claim or third-party claim may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability, and it shall be no defense thereto that the party asserting such claim, counterclaim, cross-claim, or third-party claim has made no payment or otherwise discharged any claim as to him arising out of the transaction or occurrence. (Section 8.01-281(A) of the Code.) (Also see Rule 1:4(k) which conforms to this statute.)

Obviously, under the former, the claims may be joined, and under the latter, both the claims and parties may be joined provided the claims arose out of the same transaction or occurrence. These statutes were passed, in part,

in the interest of judicial efficiency and economy to meet the needs of an increasingly litigious society.

The court is of the opinion that these statutes are controlling in this case. Interpreting them so as to give effect to what the court deems to be the legislative intent, I would overrule the misjoinder ground for demurrer as well. Here, the plaintiff claims to have suffered damages caused byu all defendants for which he seeks a joint judgment for compensatory damages. While he has pled different theories of recovery against each, his damages, if any, were occasioned by the same occurrence. The evidence as to how the contract was breached and how the tort was committed will be virtually the same. The damages flowing to the plaintiff as a result of each will be virtually the same. The issues are not that complex and should be easy for the trier of fact to follow.